IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MANUEL HIERRO,

    Plaintiff,

v.                                                   CASE NO. 5:09-cv-00068-RS -GRJ

DR DANIEL CHERRY, et al,

    Defendants.

_____/

## O R D E R

Pending before the Court is Plaintiff's Motion in Objection to the Court's Dec. 29th, 2010 Order. (Doc. 117.) Plaintiff complains that the deadlines imposed by the Court are unfair, that he needs discovery which he has not received from the Defendants, and his efforts to identify and serve one of the defendants have failed.

The Court is not responsible for conducting discovery on Plaintiff's behalf. If Plaintiff has not received discovery responses from the Defendants within the time provided by the Federal Rules of Civil Procedure Plaintiff may file an appropriate motion. The discovery at issue was deemed served on November 1, 2010 (Doc. 112), and according to Plaintiff he has been on call out to view the documents. (Doc. 117, at 2). The problem therefore appears to be an institutional issue rather than a problem with service of the requests. As such, Plaintiff should either file an Inmate Request with the institution or file a motion to compel. The Court will not act on a discovery motion unless it includes the requests at issue. See N.D. Fla. Loc. R. 26.2.

While Plaintiff complains that he cannot meet the response deadline previously set by the Court, this is the first time Plaintiff has requested an extension of that

deadline. Plaintiff is reminded that it is his responsibility to seek relief by filing appropriate and timely motions.

Finally, Plaintiff advised that he has been unable to determine the identity and/or location of a doctor who treated him while he was at the Orange County Jail since the filing of this lawsuit. Plaintiff claims that he first learned during discovery that the Jane Doe, named in the complaint, was Dr. Sandra Hodges. (Doc. 50.) On February 1, 2010 the Court directed service upon Dr. Hodges at her last known place of employment. (Doc. 52.) Service attempts by the United States Marshals Service were unsuccessful because Dr. Hodges was no longer employed at the Orange County Jail and no forwarding address was provided. (Doc. 59.) Plaintiff improperly attempted to compel the jail, via service of the complaint, to provide this address. (Docs. 65 and 66.) Most recently, Plaintiff requested service of a subpoena to obtain this information, which was denied because Plaintiff failed to comply with the rules regarding such service. (Docs. 81, 86, 93, 100, 113, and 115).

Pursuant to Fed. R. Civ. P. 4(m), if a defendant is not served within 120 days after the complaint is filed, the Court may on its own motion after notice to Plaintiff dismiss the action as to that defendant. Plaintiff should consider this Order such notice. A Report and Recommendation will be entered shortly recommending that claims against this defendant be dismissed.

Accordingly, it is **ORDERED:**

1. Plaintiff's Objection, construed as a motion for reconsideration, is **GRANTED**, insofar as Plaintiff shall have thirty additional days , as requested, through **February 14, 2011**, to file his response to the pending motion for summary judgment. No further

extensions of time for this purpose will be granted.

2. In all other respects the motion is **DENIED**.

**DONE AND ORDERED** this 12th day of January, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge